No. 25-2432

_____

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

_____

Planned Parenthood Mar Monte, Inc.,
Plaintiffs-Appellants,

v.

Aaron Ford, in his capacity as Nevada Attorney General, et al.,
Defendants-Appellees

_____

**ADDENDUM TO APPELLANTS' MOTION FOR STAY PENDING
APPEAL VOLUME 2**

BRADLEY S. SCHRAGER, ESQ.
DANIEL BRAVO, ESQ.
6675 South Tenaya Way, Suite 200
Las Vegas, Nevada 89113
Email: bradley@bravoschrager.com
Email: daniel@bravoschrager.com

VALENTINA De FEX, ESQ.
PLANNED PARENTHOOD FEDERATION OF AMERICA
123 William Street, Floor 9
New York, NY 10038
Email: valentina.defex@ppfa.org

*Attorneys for Plaintiff-Appellants,*
*Planned Parenthood Mar Monte, Inc.*

# <u>TABLE OF CONTENTS</u>

# <u>VOLUME 1</u>

1. ECF No. 135, District Court's Rule 60(b) Order…………………….Add.001

2. ECF No. 147 - District Court's Motion for Stay Order……………...Add.028

3. ECF No. 139-1, Declaration of Dr. Laura Dalton in Support of Motion to Stay…………………………………………………………………..Add.040

4. ECF No. 139-2, Department of Health and Human Services, Nevada Division of Public and Behavioral Health, *Abortion Information for Nevadans*………………………………………………………………Add.051

5. ECF No. 139-3, Andrea J. Hoopes et. al., *Elevating the Needs of Minor Adolescents in a Landscape of Reduced Abortion Access in the United States*, 71 J. Adolescent Health 530, 530 (2022)...............................Add.055

6. ECF No. 139-4, Diana Cheng et al., *Unintended Pregnancy and Associated Maternal Preconception, Prenatal and Postpartum Behaviors*, 79 Contraception 194 (2009)...................................................................Add.059

7. ECF No. 139-5, Dima Jeha et al., A *Review of the Risks and Consequences of Adolescent Pregnancy*, 8 J. Neonatal-Perinatal Med. 1 (2015).......Add.065

8. ECF No. 139-6, Kate Perper et al*., Diploma Attainment Among Teen Mothers,* Child Trends 1 (Jan. 2010), https://cms.childtrends.org/wp-content/uploads/2010/01/child_trends-2010_01_22_FS_diplomaAttainment.pdf (discussing findings of studies showing impact of teenage pregnancy and birth on educational outcomes)......Add.074

9. ECF No. 139-7, Ana Penman-Aguilar et al., *Socioeconomic Disadvantage as a Social Determinant of Teen Childbearing in the U.S.*, 128 Pub. Health Reps. 5 (2013)....................................................................................Add.079

10. Congressional Research Service, *Teeth Births in the United States: Overview and Recent Trends* (Updated Apr. 17, 2025)......................................Add.098

11. ECF No. 75, Final Judgment (1991)....................................................Add.125

12. ECF No. 113, Brief of Amici Curiae Youth Advocates and Researchers in Support of Plaintiff's Opposition to Rule 60(b) Motion…………….Add.126

13. ECF No. 128, Transcript of Oral Argument for Rule 60(b) Motion...Add.152

14. ECF No. 83, Motion of Defendants Jason D. Woodbury, Carson City District Attorney, and Stephen B. Rye, Lyon County District Attorney, for Relief from Judgment Under Fed. R. Civ. P. 60(b)(5)....................................Add.211

15. ECF No. 115, Plaintiff's Opposition to Rule 60(b) Motion of Defendants Jason D. Woodbury, Carson City District Attorney, and Stephen B. Rye, Lyon County District Attorney………………………………………Add.237

16. ECF No. 116, Reply in Support of Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(5)......................................................................Add.269

## VOLUME 2

17. ECF No. 129-1, Petition for Writ of Mandamus to the United States District Court for the District of Nevada to Vacate Order and Injunction……Add.284

Dated this 2nd day of May, 2025.

### BRAVO SCHRAGER LLP

By _____*/s/ Bradley S. Schrager*_____
    BRADLEY S. SCHRAGER, ESQ. (SBN 10217)
    DANIEL BRAVO, ESQ. (SBN 13078)
    6675 South Tenaya Way, Suite 200
    Las Vegas, Nevada 89113
    Tele.: (702) 996-1724

    VALENTINA De FEX, ESQ. *(admitted pro hac vice)*
    PLANNED PARENTHOOD FEDERATION OF AMERICA
    123 William Street, Floor 9
    New York, NY 10038

    *Attorneys for Plaintiff-Appellant,*
    *Planned Parenthood Mar Monte, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 2nd day of May, 2025, a true and correct copy of this **ADDENDUM TO APPELLANTS' MOTION FOR STAY PENDING APPEAL VOLUME 2** was served via the United States Court of Appeals for the Ninth Circuit by using the Appellate CM/ECF system on all parties or persons requiring notice.


By:     */s/ Dannielle Fresquez*
                Dannielle Fresquez, an Employee of
                BRAVO SCHRAGER LLP

No. _____

IN THE
# United States Court of Appeals
FOR THE NINTH CIRCUIT

In re: JASON D. WOODBURY, Carson City District Attorney; STEPHEN B. RYE, Lyon County District. Attorney,

*Petitioners*

v.

UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF NEVADA

*Respondent,*

and

PLANNED PARENTHOOD MAR MONTE, INC.,

Real Parties in Interest.

On Petition for a Writ of Mandamus In
Case No. 3:85-cv-331-ART-CSD

**PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF NEVADA TO VACATE
ORDER AND INJUNCTION**

James Bopp, Jr.
Joseph D. Maughon
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434

*Counsel for Petitioners*

# Table of Contents

Introduction and Relief Sought . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Statement of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Statement of the Issue . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Statement of the Relevant Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Reasons for Granting the Writ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

    Mandamus Generally . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

    Mandamus Factors Considered . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        A.    The district court made a clear error of law . . . . . . . . . . . . . . 14

            1.    District Attorneys sought to lift the injunction under the "Inequity Prong" of Rule 60(b)(5) . . . . . . . . . . . . . . . . 15

            2.    The district court's refusal to lift the injunction and its order for supplemental briefing exceeds its authority under the law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    Other *Bauman* Factors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

        B.    Petitioners have no other adequate means for relief and will be damaged or prejudiced in ways not correctable on appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

C.  An order which continues a legally baseless injunction while ordering briefing on other potential legal claims not previously adjudicated, or even asserted, is an issue of first impression . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

3

## Table of Authorities

**Cases**

*Agostini v. Felton*, 521 U.S. 203 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Aguilar v. Felton*, 473 U.S. 402 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*All. for the Wild Rockies v. Petrick*, 68 F.4th 475 (9th Cir. 2023). . . . . . . . . . . . 22

*Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir. 1977). . . . . . 6, 13, 14

*Bell v. Wolfish*, 441 U.S. 520 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Bellotti v. Baird*, 443 U.S. 622 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*California v. United States EPA*, 978 F.3d 708 (9th Cir. 2020) . . . . . . . . . . 16, 17

*Cardona v. United States Dist. Court (In re United States Dep't of Educ.)*, 25 F.4th 692 (9th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Dobbs v. Jackson Women's Health Org.*, 597 US 215 (2022). . . . . . . . . . . 8, 16-18

*Glick v. McKay*, 616 F. Supp. 322 (D. Nev. 1985) . . . . . . . . . . . . . . . . . . . 9, 10, 17

*Glick v. McKay*, 937 F.2d 434 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Marroquin v. City of Los Angeles*, 112 F.4th 1204 (9th Cir. 2024) . . . . . . . . . . 11

*Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. 421, 15 L. Ed. 435 (1855) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Roe v. Wade*, 410 U.S. 113 (1973). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367 (1992). . . . . . . . . . . . . . . 17-19

*Sys. Fed'n No. 91, Ry. Emps.' Dep't, v. Wright*, 364 U.S. 642, 81 S. Ct. 368, 5 L. Ed. 2d 349 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

4

## Constitutions, Statutes, and Regulations

Fed. R. Civ. P. 60(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed, R. Civ. P. 65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

NRS § 442.255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

NRS § 442.2555 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

NRS § 442.257 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Fed. R. Civ. P. 60(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Fed, R. Civ. P. 65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

NRS § 442.255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

NRS § 442.2555 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## Other Authorities

Senate Bill 510 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Introduction and Relief Sought

This petition for a writ of mandamus concerns a permanent injunction issued against several Nevada statutes involving parental notification before an abortion is performed on certain minors and providing for a judicial bypass procedure and penalties. This case is nearly forty years old, and in that time, the underlying law supporting the injunction has been overruled. The District Attorneys[1] filed for a relief from the district court's judgment pursuant to Federal Rule of Civil Procedure 60(b)(5).

The factors this circuit considers for writs of mandamus are satisfied here. *Bauman v. United States Dist. Court*, 557 F.2d 650, 654-55 (9th Cir. 1977). The district court has committed a clear error of law by refusing to lift the injunction and by continuing to enforce the injunction to allow other claims to be litigated while a legally baseless injunction remains in place. Despite the evaporation of the legal foundation for the injunction, the district court has not ordered the injunction to be lifted. Instead, the court ordered the parties to brief whether the injunction could be upheld by other legal theories, some of which were never alleged in the

---

[1] Defendants in the district court were various Nevada officials, including the Nevada Attorney General and various Nevada District Attorneys. The Petitioners, District Attorneys Jason D. Woodbury and Stephen B. Rye, will be referred to herein as **"District Attorneys."**

35-year old complaint, and none of which formed the legal basis for the injunction issued in 1991. Without immediate review, the District Attorneys have no adequate relief, as the district court's order for additional briefing is not directly appealable.

The harm to the parties caused by the injunction is ongoing and irreparable. Every day this injunction remains in place, the State of Nevada is infringing upon parental rights to guide the upbringing of their child regarding a life-altering decision. Furthermore, their children will be irreparably harmed by the lack of their parent's involvement and guidance. Minor children, who are too immature to make their own decisions and who would benefit from their parent's involvement and guidance, will have abortions that they would not have had if the injunction was lifted.

Immediate review is needed to prevent the district court from jerry-rigging the federal rules and circuit law to unlawfully keep a legally baseless injunction in place. The injunction's original legal justification has evaporated. The district court's order seeks to keep the unlawful injunction in place while other potential legal claims that have been pled but not adjudicated, or not even alleged, and which ultimately may not have merit, are litigated in the lower court—all without the required findings by the court under the Rules and circuit precedent that would

7

support a temporary restraining order or preliminary injunction.

District Attorneys respectfully request this Court to issue the writ, directing the court to: (1) lift the permanent injunction, and (2) vacate its order for supplemental briefing.

### Statement of Jurisdiction

This Court has the authority to issue a writ of mandamus pursuant to 28 U.S.C. § 1651 and Rule 21 of the Federal Rules of Appellate Procedure.

### Statement of the Issue

Whether the district court committed clear legal error, and exceeded its judicial authority, by refusing to lift the injunction, and by ordering further briefing on possible legal claims that might be brought against the statute, after the injunction's legal basis has evaporated when the Supreme Court of the United States overruled *Roe v. Wade*, 410 U.S. 113 (1973). *Dobbs v. Jackson Women's Health Org.*, 597 US 215, 292 (2022).

### Statement of the Relevant Facts

The district court declared unconstitutional and permanently enjoined the enforcement of three provisions of Nevada law: NRS §§ 442.255 ("**Notice Requirement**" with "**Judicial-Bypass Procedure**"), 442.2555 ("**Appeal Procedure**"), and 442.257 ("**Penalty Provision**") (collectively, "**Minor Abortion**

8

**Provisions**"). Because these Minor Abortion Provisions never went into effect,[2] the facts of this case are largely comprised of its procedural history.

On June 28, 1985, Dr. Eugene Glick and Planned Parenthood of Washoe County ("**PPWC**") challenged the Minor Abortion Provisions "pursuant to the United States Constitution and 42 U.S.C. § 1983," *Glick v. McKay*, 616 F. Supp. 322, 323 (D. Nev. 1985) ("***Glick I***"). *See also* Dkt. No. 1 at 2[3] (Attach. 2). PPWC moved for a preliminary injunction, Dkt. No. 2  (Attach. 3), and a temporary restraining order, Dkt. No. 5 (Attach. 4). On the same date, the district court issued a temporary restraining order against enforcement of the challenged provisions. Dkt. No. 6 (Attach. 5). On July 17, 1985, the district court entered an order granting the preliminary injunction, Dkt. No. 23 (Attach. 6), and issued a corresponding opinion. *See Glick* I, 616 F Supp at 328.

The district court rooted its injunction in "[t]he [federal] constitutional guarantee of personal liberty [that] protects a woman's right to terminate her pregnancy." *Id.* at 324 (citing *Roe*, 410 U.S. 113). The district court preliminarily enjoined the Minor Abortion Provisions, finding them unconstitutional. *Glick I* at

---

[2]These Nevada statutes were part of Senate Bill 510.  Dkt. No. 126 at 1 (Attach. 1).

[3]All page numbers cited herein refer to the pagination in the original filing.

325–28.

District Attorneys appealed that order. *Glick v. McKay*, 937 F.2d 434, 436 (9th Cir. 1991) ("***Glick* Appeal**"). This Court, noting the "important constitutional issues . . . at stake," conducted plenary review of the challenged laws. *Id.* (citation omitted). Applying the analytical criteria established in *Bellotti v. Baird*, 443 U.S. 622, 643–44 (1979) (plurality opinion), the panel affirmed the preliminary injunction, finding that Nevada's judicial "bypass procedure . . . does not meet the expediency requirement for a notice statute bypass[.]"

On October 10, 1991, the district court entered Judgment for declaratory and permanent injunctive relief without further analysis Dkt. No. 74, 75 (Attach. 7) ("**Judgment**"), thus basing its Judgment on its earlier preliminary-injunction analysis and the Ninth Circuit's opinion.

Following the Judgment, the district court case remained closed for 32 years. On December 1, 2023, District Attorneys filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(5). Dkt. No. 83 (Attach. 8) ("**Relief Motion**").[4] PPMM filed its response in opposition to the

---

[4]District Attorneys noted that Planned Parenthood Mar Monte, Inc. ("**PPMM**"), as successor in interest to PPWC, could properly move to be substituted for PPWC, *id.* at 3–4. District Attorneys also filed a Suggestion of Death, explaining that in light of the death of Dr. Glick, "a motion to substitute for Dr. Glick," though permitted, was "not required." Dkt. No. 84 at 3 (Attach. 9).

10

Motion on June 14, 2024. Dkt. No. 115  (Attach. 12) ("**PPMM Opp'n**"). District

Attorneys filed their Reply on June 21, 2024. Dkt. No. 116 (Attach. 13) ("**Reply**").

Pursuant to the district court's order, Dkt. No. 122 (Attach. 14), the parties

submitted supplemental briefing concerning the effect of *Marroquin v. City of Los*

*Angeles*, 112 F.4th 1204 (9th Cir. 2024) on the case. Dkt. No. 123, 124  (Attach.

15, 16).

Oral argument on the Relief Motion was held on October 29, 2024. Dkt. No.

128 (Attach. 17). The following day, the district court refused to lift the injunction

but instead ordered further briefing from PPMM and District Attorneys because

"there are constitutional grounds independent of the Court's 1991 judgment, some

of which were raised in the original 1985 complaint, which might justify a

continued injunction against the statutory provisions at issue." Dkt. No. 126 at 2

(Attach. 1). The district court ordered this supplemental briefing to address the

following:

> [A]lternative constitutional grounds for maintaining the injunction, such
> as: equal protection based on marital status, procedural due process
> regarding vagueness as to both providers and patients, procedural due
> process based on state law rights, and the changed circumstances,
> including changes in Nevada law that may impact these arguments.
> Parties should specify which arguments are based on claims alleged in

---

PPMM did file a motion to substitute, Dkt. No. 103 (Attach. 10), which was
granted. Dkt. No. 105 (Attach. 11).

the complaint, and which, if any, may require an amended complaint.
The parties are free to raise other issues not discussed here.

*Id.* at 2–3.

District Attorneys now file this petition seeking a writ of mandamus and an
order for the district court to: (1) lift the injunction, and (2) vacate its order for
supplemental briefing.

### Reasons for Granting the Writ

The remedy of mandamus is strong medicine. But the ailment here calls for
this cure. The district court has made a clear error of law by jerry-rigging the
60(b)(5) process to justify keeping an injunction, whose legal basis has
evaporated, in place while inviting the Plaintiff to assert other possible legal
claims. Some of these claims were not even alleged in the original complaint, but
none had ever been argued as a basis for the injunction. The result of the district
court's order is that the continuation of the injunction would be based on other
potential legal claims without the findings required by the court to issue a TRO or
preliminary injunction.

In the meantime, both parents and children are irreparably harmed by the
unlawful injunction. Parents will be harmed by the infringement of their rights to
guide their child on a life-altering decision, and their children will be harmed by

12

the lack of parental involvement and guidance. Minor children, who are too immature to make their own decisions and would benefit by parental involvement, will have abortions that they would not have had if the Minor Abortion Provisions were not enjoined. The District Attorneys have no other adequate remedy here—the district court's interlocutory order, retaining the injunction for further briefing on other, unasserted legal claims, is not directly appealable.

The district court made a clear error of law by: (1) refusing to lift the injunction when the legal basis for the injunction had evaporated, and (2) ordering further briefing on other possible legal claims against the statutes. The District Attorneys, but most importantly, the parents and minor children impacted by the continued injunction, will suffer irreparable harm that is not correctable on appeal. Finally, this Court should not allow the district court to abuse its discretion by using District Attorneys' 60(b)(5) motion as an end-run around the federal rules and circuit precedent permitting federal courts to enjoin state law.

A writ of mandamus is justified.

**Mandamus Generally**

"The remedy of mandamus is a drastic one, to be involved only in extraordinary situations." *Bauman*, 557 F.2d at 654. A writ has been most often used to confine an inferior court to its prescribed jurisdiction. *Id.* The Ninth

13

Circuit found that a principled use of writs protects the courts from a subversion of the policies underlying the finality rule or the statutory scheme governing interlocutory appeals. *Id.* at 653.

**Mandamus Factors Considered**

The Ninth Circuit considers five factors when evaluating a writ of mandamus:

1.    The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires;

2.    The petitioner will be damaged or prejudiced in a way not correctable on appeal;

3.    The district court's order is clearly erroneous as a matter of law;

4.    The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules; and

5.    The district court's order raises new and important problems, or issues of law of first impression.

*Id.* at 654-55. Of these factors, a clear error of law "is almost always a necessary predicate for the granting of the writ." *Cardona v. United States Dist. Court (In re United States Dep't of Educ.)*, 25 F.4th 692, 698 (9th Cir. 2022). Therefore, this analysis starts with analysis of the clear error factor.

**A.    The district court made a clear error of law.**

"Clear error is a deferential standard, and we find clear error only when we have a 'firm conviction' that the district court has made a mistake in interpreting

14

the law, or there has been a 'clear abuse of discretion.'" *Id.* (citing *In re Walsh*, 15 F.4th 1005, 1008 (9th Cir. 2021)). The district court made a clear error by: (1) refusing to lift the injunction when the legal basis for the injunction had evaporated, and (2) ordering further briefing on other possible legal claims against the statutes.

### 1. District Attorneys sought to lift the injunction under the "Inequity Prong" of Rule 60(b)(5).

The federal rules allow a court to relieve a party from a judgment when "applying [that judgment] prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). ("**Inequity Prong**"). The permanent injunction in place here has prospective effect, as it has enjoined the Minor Abortion Provisions from ever taking effect, remains in place today, and will remain in place in the future unless lifted. *See* Order, Dkt. No. 126 at 1 (Attach. 1).

A motion for relief based on the Inequity Prong of Rule 60(b)(5) may be based upon the overruling of the underlying precedent supporting the original injunction. When that precedent is overruled, the legal basis for the injunction has evaporated, and no other equitable consideration is to be considered. Because the entire legal foundation for the injunction here has been explicitly overruled by *Dobbs*, the court has no discretion in this case—it must lift the injunction.

15

A long line of cases has held that a court abuses its discretion "by refusing to modify an injunction even after its legal basis has evaporated and new law permits what was previously enjoined." *California v. United States EPA*, 978 F.3d 708, 711 (9th Cir. 2020) ("***EPA***"). This is true whether the change in law is the result of subsequent legislative action or by a significant shift in the applicable jurisprudence. *See, e.g.*, *Pennsylvania v. Wheeling & Belmont Bridge Co.*, 59 U.S. 421, 15 L. Ed. 435 (1855) (modifying decree based on Congressional change to applicable law); *Sys. Fed'n No. 91, Ry. Emps.' Dep't, v. Wright*, 364 U.S. 642, 648, 81 S. Ct. 368, 5 L. Ed. 2d 349 (1961) (modifying decree after change in law regarding unions); *Agostini v. Felton*, 521 U.S. 203 (1997) (holding city entitled to relief from prospective injunction after substantial change to Establishment Clause jurisprudence).

Exactly the type of legal sea change envisioned by *Agostini* happened when *Dobbs* overruled *Roe*. *Dobbs*, 597 U.S. at 292 (overruling *Roe*, 410 U.S. 113). The overruling of *Roe* by *Dobbs* is even stronger than the "change in law" justifying the injunction modification in *Agostini*. There, the underlying case, *Aguilar v. Felton*, 473 U.S. 402 (1985), had not been overruled prior to the city's modification request under Rule 60(b)(5), but the injunction was "not consistent" with the Court's subsequent Establishment Clause decisions. *Agostini*, 521 U.S. at

16

208.

Here, *Roe* was explicitly overruled. The Court held that the "Constitution makes no reference to abortion, and no such right is implicitly protected by any constitutional provision." *Dobbs*, 597 U.S. at 231. The injunction at issue here was ordered on the basis of "[t]he [federal] constitutional guarantee of personal liberty [that] protects a woman's right to terminate her pregnancy." *Glick I*, 616 F. Supp. at 324 (citing *Roe*, 410 U.S. 113). The overturning of *Roe* caused the legal basis for the injunction of the Minor Abortion Provisions to evaporate. *See EPA*, 978 F.3d at 711.

**2.  The district court's refusal to lift the injunction and its order for supplemental briefing exceeds its authority under the law.**

The district court noted that "a modification under Rule 60(b)(5) 'must not create or perpetuate a constitutional violation.'" Order, Dkt. No. 126 at 2 (Attach. 1) (quoting *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367 (1992)). While this *Rufo* quote is accurate, it disregards the procedural posture of *Rufo*, the two-step approach for Rule 60(b) *modification* set forth by the Court, and the Court's admonitions about how an injunction may be "tailored" to conform with changes in fact or law. *Id.* at 391-92.

*Rufo* involved a modification of a consent decree entered into to correct

17

unconstitutional conditions at a county jail. *Id.* at 371. The requested modification was based on substantial factual changes, as well as some legal changes since the inception of the consent decree. While the petitioner moving for modification argued a change in law required the modification, the Court disagreed. *Id.* at 388 (finding that *Bell v. Wolfish*, 441 U.S. 520 (1979) merely held "double celling" inmates was not unconstitutional in all cases, but it didn't cast doubt on the legality of "single celling"). Here, *Dobbs* explicitly overruled *Roe* in its entirety, 97 U.S. at 292, thereby evaporating the legal justification for the injunction. District Attorneys do not seek a mere "modification" of the injunction—they seek a complete lifting of the injunction because of the change in law.

*Rufo* required a two-step approach to a *modification* under Rule 60(b). First, the parties seeking modification must establish that "a significant change in circumstances warrants revision of the decree," *Rufo*, 502 U.S. at 383. Second, they must show that the "proposed modification is suitably tailored to the changed circumstance." *Id.* at 391. Again, even if viewed under the lens of "modification," the "significant" change here is the overruling of the law supporting the injunction. *See supra.*

The second *Rufo* step notes that a modification is not suitably tailored if it: (1) creates or perpetuates a constitutional violation; (2) rewrites a consent decree

18

so that it conforms to the constitutional floor; or (3) considers provisions of the consent decree outside of those actually challenged by the moving party. *Id.* at 391-92. In other words, the court should only focus on what is *tailored* to resolve the problem created by the change in circumstances—"A court should do no more, for a consent decree is a final judgment that may be reopened only to the extent that equity requires." *Id.* at 391.

Here, "tailoring" the injunction via some sort of modification is not an option. The injunction was based upon legal reasoning rooted in constitutional law that has been completely overruled. The only remedy under the law is lifting the injunction. Yet, the district court has not lifted the injunction whose legal basis has evaporated, as it is required to do under the law. Instead, the court seeks to reopen and re-litigate a case that has been closed for nearly 35 years in order to rewrite the injunction, to conform with some theoretical legal arguments or claims that have not been previously considered, adjudicated, or in some cases, even alleged. The court's order far surpasses the district court's discretion under the law. The legal justification for the injunction that is still in place no longer exists—so the injunction must be lifted.

This *Bauman* factor strongly favors the requested writ of mandamus.

19

**Other *Bauman* Factors**

**B.     Petitioners have no other adequate means for relief and will be damaged or prejudiced in ways not correctable on appeal.**

District Attorneys cannot appeal the district court's order for supplemental briefing, so they have no other means for relief. Likewise, this order, which far surpasses the district court's authority under the law, is not correctable on appeal.

These *Bauman* factors weigh in favor of the writ. Essentially, if the scope of the briefing the district court has ordered is permitted and the injunction remains in place until all the (potential) legal claims (not previously considered or adjudicated and not currently asserted) are litigated, the damage to the District Attorneys will have already occurred. The District Attorneys will be forced to expend time and resources in briefing issues not raised or considered in the litigation over the course of the last 32 years. This forced continuation of the litigation even after the legal basis for the injunction has evaporated works against the fundamental principle of finality in our justice system.

The harm to the parties caused by the injunction is ongoing and irreparable. Every day this legally baseless injunction remains in place, the State of Nevada is infringing upon parental rights to guide their child regarding a life-altering decision. Their children will be harmed by the lack of parental involvement and

guidance. Minor children, who are too immature to make their own decisions and would benefit by parental involvement, will have abortions that they would not have had if the Minor Abortion Provisions were not enjoined.

Therefore, this *Bauman* factor weighs in favor of the requested writ of mandamus.

## C. An order which continues a legally baseless injunction while ordering briefing on other potential legal claims not previously adjudicated, or even asserted, is an issue of first impression.[5]

The district court is using District Attorneys' 60(b)(5) motion as an end-run around the federal rules and circuit precedent which provide the exclusive authority for federal courts to enjoin state law. The district court is continuing to enforce a now unlawful injunction, which must be vacated under Rule 60(b)(5), on the basis that there might be other potential, but unasserted and unadjudicated, legal claims that could provide a basis to enjoin the state law.

This violates Federal Rule of Civil Procedure 65 which provides the exclusive basis for a federal court to enjoin a state law by either a TRO or a preliminary injunction. Under circuit precedent, "to obtain a preliminary injunction, a plaintiff must establish that (1) it is likely to prevail on the merits of its substantive claims, (2) it is likely to suffer imminent, irreparable harm absent

---

[5] The *Bauman* factor of an oft-repeated error is not at issue here.

an injunction, (3) the balance of equities favors an injunction, and (4) an injunction is in the public interest." *All. for the Wild Rockies v. Petrick*, 68 F.4th 475, 490 (9th Cir. 2023). In this case, no party has ever filed for a TRO or a preliminary injunction based upon any other legal theory than *Roe*, which the current injunction is based on. Dkt. No. 126 at 2-3 (Attach. 1). And of course, because no party has filed such a motion, the lower court did not base its injunction here on any other legal theories

And no court has ever based an injunction on the prospect that there are other legal theories that might justify the injunction, without the findings required by Rule 65. This end-run appears to be one of first impression in the Ninth Circuit. If this injunction was properly lifted under Rule 60(b)(5), the plaintiffs could file a separate case based upon alternative legal theories and claims. The district court wants to ignore that procedural hurdle—instead skipping ahead to considering injunctive relief in a long-closed case based upon no motion, while considering unadjudicated and even unasserted legal theories, without the findings required under Rule 65. This Court should not allow the district court to abuse its discretion in this way.

The *Bauman* factors weigh heavily in favor of the writ of mandamus. The district court made a clear error by: (1) refusing to lift the injunction when the

legal basis for the injunction had evaporated, and (2) ordering further briefing on other possible legal claims against the statutes. The District Attorneys, but most importantly, the parents and minor children impacted by the continued injunction, will suffer irreparable harm that is not correctable on appeal. Finally, this Court should not allow the district court to abuse its discretion by using District Attorneys' 60(b)(5) motion as an end-run around the federal rules and circuit precedent which establish the only circumstances permitting federal courts to enjoin state law.

## Conclusion

For all the foregoing reasons, this Court should issue a writ of mandamus to the United States District Court for the District of Nevada, ordering that court to: (1) lift the permanent injunction, and (2) vacate its order for supplemental briefing.

November 21, 2024                    Respectfully submitted,

                                     /s/ James Bopp, Jr.
                                     James Bopp, Jr., Ind. Bar No. 2838-84
                                     Joseph D. Maughon Va. Bar No. 87799
                                     THE BOPP LAW FIRM, PC
                                     The National Building
                                     1 South 6th Street
                                     Terre Haute, Indiana 47807
                                     Telephone: (812) 232-2434
                                     Facsimile: (812) 235-3685
                                     jboppjr@aol.com
                                     jmaughon@bopplaw.com
                                     *Attorneys for Petitioners*

24

## Statement of Related Cases

Petitioners are not aware of any related cases.

<u>/s/ James Bopp, Jr.</u>
James Bopp, Jr.

25

## Certificate Regarding Compliance with Circuit Rule 21-2(c)

I hereby certify that this petition does not exceed 30 pages, excluding the documents listed at FRAP 21(a)(2)(C) and 32(f).


/s/ James Bopp, Jr.
James Bopp, Jr.

26

## Certificate of Service

I hereby certify that on November 21, 2024, I electronically filed the foregoing petition and all attachments thereto with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. On this date, a notice of filing of this petition, including the petition itself, will be lodged in the district court in the underlying matter, and service in compliance with Federal Rule of Appellate Procedure 21(a)(1) will be accomplished through the district court's CM/ECF system. All counsel in this case are participants in the district court's CM/ECF system. In addition, a courtesy copy of the foregoing petition has been provided via e-mail to the following counsel and to the district court judge:

Daniel Bravo
Bravo Schrager, LLP
6675 South Tenaya Way, Ste. 200
Las Vegas, NV 89113
Email: daniel@bravoschrager.com

Hannah Swanson
Planned Parenthood Federation of America
1110 Vermont Ave NW
Suite 300
Washington, DC 20005
202-803-4030
Email: hannah.swanson@ppfa.org

Valentina De Fex
Planned Parenthood Federation of America
123 William St
Ste Floor 11
New York, NY 10038-3847
469-337-3722
Email: valentina.defex@ppfa.org

Bradley Scott Schrager
Bravo Schrager, LLP
6675 South Tenaya Way
Suite 200
Las Vegas, NV 89113
702-996-1724
Email: bradley@bravoschrager.com

The Honorable Anne R. Traum,
District Court Judge for the
United States District Court for the
District of Nevada,
katie_sutherland@nvd.uscourts.gov
(Courtroom Administrator)

/s/ James Bopp, Jr.
James Bopp, Jr

27